UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ST. VIDAS INC.,

               Plaintiff,        **MEMORANDUM & ORDER**
                                                    20-cv-3465 (KAM)(MMH)
    -against-

UNITED STATES LIABILITY INSURANCE
COMPANY,

               Defendant.
-----------------------------------X
KIYO A. MATSUMOTO, United States District Judge:

        Defendant United States Liability Insurance Company ("USLI") has objected to a discovery ruling made by Magistrate Judge Marcia Henry on July 14, 2021 (the "Discovery Order") compelling USLI to produce certain documents specified in Requests 1 and 5 of plaintiff's document requests dated December 9, 2020. (*See* ECF No. 21-4, Plaintiff's Document Production Requests; Minute Entry and Order 7/14/2021; ECF No. 31, Transcript of Proceedings held on July 14, 2021; ECF No. 32, Appeal of Magistrate Judge Decision ("Def. Mem.").) The court has reviewed the Discovery Order and the parties' submissions and finds that the Discovery Order is neither clearly erroneous nor contrary to law. Accordingly, USLI's objections are denied and Judge Henry's July 14, 2021 Discovery Order is affirmed.

1

**BACKGROUND**

The facts relevant to the present appeal are as follows. Plaintiff St. Vidas Inc. is a "venue and event space with a bar and hosts live performances." (Complaint ¶ 5.) Defendant USLI is an insurance company organized under the laws of Pennsylvania. (*Id.* ¶ 3.)

On February 21, 2020, plaintiff filed a lawsuit against USLI in the Supreme Court of the State of New York, Kings County (Index No. 504394/2020), for declaratory relief and breach of contract, seeking a declaration that USLI is obligated to defend and indemnify plaintiff in connection with claims asserted in a lawsuit entitled *Andrew Kelly v. Saint Vitus Bar*, which is pending in the Supreme Court of the State of New York, Kings County (Index No. 516144/2019) (the "State Case"). (ECF No. 1-1, State Court Complaint.) Plaintiff in this action may become obligated to pay damages in the underlying State Case, in which Mr. Andrew Kelly alleges that on April 12, 2019, Mr. Kelly was injured at plaintiff's venue by reason of plaintiff's negligence. (*Id.* ¶ 6.) At the time of Mr. Kelly's injury, USLI insured plaintiff under a commercial general liability policy. (*See* ECF No. 21-2, USLI Insurance Policy No. CL 1754436B, effective from May 25, 2018 to May 25, 2019 (the "Policy").) USLI has determined that coverage for the claims asserted in the

underlying State Case is precluded by the provisions and terms of the Policy. (ECF No. 1, Notice of Removal ¶ 5.) USLI timely removed the instant case to federal court on July 31, 2020, based upon this court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).[1] (*Id.*)

In sum, USLI disclaimed coverage for claims in the State Case against plaintiff on the basis of the "ASSAULT or BATTERY EXCLUSION" in the Policy. (ECF No. 22-4, Disclaimer Letter; Policy at 48.) The Assault and Battery Exclusion provides, in relevant part:

> **ASSAULT OR BATTERY EXCLUSION**
>
> This insurance [Policy] does not apply to:
>
>> Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery"
>>
>> . . .
>>
>> This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by *negligence* or

---

[1] Although the State Case was filed on February 21, 2021, USLI did not receive notice of the action until July 7, 2020. (Notice of Removal ¶ 3.)

3

> other wrongdoing
>
> . . .
>
> "Assault" means the threat of, or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be *negligent*, intentional or criminal in nature.
>
> "Battery" means *negligent* or intentional physical contact with another without consent that results in physical or emotional injury.

(*Id.* at 48 (emphasis added).) In the disclaimer letter, USLI advised plaintiff that the underlying claim in the State Case "ar[o]se out of injuries sustained by Andrew Kelly as a result of a crowd surfer being dropped on him during an event at your establishment on 4/12/19." (ECF No. 22-4, Disclaimer Letter.) USLI noted that plaintiff in the State Case "allege[d] breach of duty of care as well as negligent security, training and supervision." (*Id.*) USLI concluded that "[b]ased on the allegations in the [State Case] complaint and facts known to the Company, the plaintiff's injuries were the result of an assault and/or battery as defined above and there is no coverage under the Policy based on the above exclusion." (*Id.*)

On August 3, 2020, USLI filed an answer in the instant action to plaintiff's complaint with counterclaims. (ECF No. 6, Answer.) Then-assigned Magistrate Judge Steven M. Gold issued a

scheduling order noting an initial telephone conference to be held on September 2, 2020.  (ECF No. 7, Scheduling Order.)  Following a series of extensions, Judge Gold held an initial conference on November 10, 2020, where Judge Gold adopted a case management and discovery schedule, directing, *inter alia*, the completion of fact discovery by June 30, 2021.  (ECF No. 20, Civil Minute Entry for Initial Conference.)  At the initial conference, USLI argued that document discovery was unwarranted in this case for substantially the same reasons it raises in USLI's instant objections, and Judge Gold rejected USLI's contention and set deadlines for document discovery.  (*Id.*)  Thereafter, discovery commenced.

On or about December 9, 2020, plaintiff served a Request for the Production of Documents on USLI.  (ECF No. 21-4.)  At issue in the objections are plaintiff's requests that USLI produce:

> 1. All documents and communications between those acting on behalf of [USLI] and any and all New York State agencies concerning the language of the Assault and Battery Exclusion Endorsement form on which [USLI] relies in this action.
>
> . . .
>
> 5. All documents and communications between persons acting on behalf of [USLI] and any other person concerning:
>
> . . .

5

>b. the drafting of the language to be inserted in the Assault and Battery Exclusion Endorsement form used by [USLI] in New York State to purport to include negligent conduct in the definition of "battery."

(*Id.* at 7-8.) USLI objected to plaintiff's entitlement to such documents. (ECF No. 21-5, USLI's Discovery Response at 9.) USLI raised blanket objections to Request Nos. 1 and 5(b), asserting, among other things, that the requests were not reasonably calculated to lead to the discovery of admissible evidence and that the requested documents were irrelevant to the matters at issue in this action. (*Id.* at 9-11.)

On March 15, 2021, plaintiff filed a motion to compel discovery, seeking to compel defendant to comply with its discovery obligations. (ECF No. 21, Letter Motion to Compel Discovery.) Specifically, plaintiff sought, *inter alia*, documents and information pertaining to the drafting history of USLI's Assault or Battery exclusion, including responses to Request Nos. 1 and 5(b). (*Id.*) USLI filed an opposition to plaintiff's motion to compel on March 18, 2021. (ECF No. 22, Opposition re. Motion to Compel Discovery.)

On June 14, 2021, this case was reassigned to Judge

6

Henry and the motion to compel remained pending.[2] (Dkt. Order 6/14/2021.) On July 14, 2021, Judge Henry held a telephone status conference where all parties appeared, along with counsel from the State Case. (Minute Entry 7/14/2021.) At the July 14, 2021 status conference, Judge Henry heard arguments from the parties regarding plaintiff's motion to compel discovery. At the conference, the parties both discussed whether the "ASSAULT or BATTERY EXCLUSION" in the insurance agreement offered by USLI was ambiguous. (ECF No. 31, Transcript of July 14, 2021 Status Conference ("Tr. 7/14/2021") at 6:19-11:6.) Following the parties' arguments, Judge Henry granted in part and denied in part plaintiff's motion to compel. Specifically, Judge Henry ordered USLI to serve responses to plaintiff's Document Requests 1 and 5(b) by August 16, 2021. (*Id.* at 23:12-25:3; Minute Entry & Order 7/14/2021.) Judge Henry extended the deadline to complete fact discovery to October 15, 2021. (*Id.*) On August 23, 2021, following a pre-motion conference held on August 12, 2021 before this court, USLI filed the instant objections to Judge Henry's Discovery Order.

---

[2] The case was previously reassigned from Judge Gold to Judge Ramon E. Reyes, Jr. on January 12, 2021. (*See* Dkt. Order 1/12/2021.)

7

**DISCUSSION**

### I. Standard of Review

Under Federal Rule of Civil Procedure 72(a), a district court may set aside a magistrate judge's order concerning non-dispositive matters only if the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous if the reviewing court, based on all the evidence, "is left with the definite and firm conviction that a mistake has been committed." *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Dorsett v. Cnty. of Nassau*, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

A magistrate judge's pretrial discovery rulings are generally considered non-dispositive and are reviewed under the "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (finding that matters involving pretrial discovery are generally considered "'nondispositive' of the litigation" and thus are

subject to the "clearly erroneous or contrary to law standard" on review by a district court). "Pursuant to this highly deferential standard of review, magistrate[] [judges] are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Schwartz v. Metro. Prop. & Cas. Ins. Co.*, 393 F. Supp. 2d 179, 181 (E.D.N.Y. 2005). Thus, "'a party seeking to overturn a discovery ruling [by a magistrate judge] generally bears a heavy burden.'" *Travel Sentry, Inc. v. Trop*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (quoting *Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990)).

In reviewing objections to a magistrate judge's ruling, "[c]ourts generally do not entertain new legal arguments not presented to the magistrate judge." *Anderson v. Pheonix Beverage Inc.*, No. 12-CV-1055 (DLI) (RML), 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015) (collecting cases). Courts are similarly confined to the factual record presented to the magistrate judge when reviewing a magistrate judge's non-dispositive rulings to determine whether they were clearly erroneous or contrary to law. *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) ("Rule 72(a) precludes the district court from considering factual evidence that was not presented

9

to the magistrate judge.").

## II. Application

USLI objects to Judge Henry's Discovery Order directing USLI to produce documents requested in plaintiff's document Request Nos. 1 and 5(b), relating to the drafting history and the regulatory approval of the Assault or Battery Exclusion contained in the Policy issued by USLI. (Def. Mem. at 1.) USLI argues that the Discovery Order "should be overturned because drafting history documents and regulatory communications are not discoverable when, as here, the policy provision at issue is unambiguous." (*Id.* at 2.) Specifically, USLI argues that the Discovery Order is "contrary to law" because the requested documents are: (1) not relevant to the "interpretation or enforceability" of the Assault or Battery Exclusion and (2) "are not reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 7-17.) Plaintiff asserts that USLI's objections are meritless because the Assault and Battery Exclusion is ambiguous and the requested documents are reasonably calculated to lead to the discovery of admissible evidence.

Upon review of the Discovery Order and the parties' submissions, this court finds that Judge Henry's Discovery Order is neither clearly erroneous nor contrary to law. Accordingly,

10

for the reasons set forth below, USLI's objections are denied and Judge Henry's July 14, 2021 Discovery Order is affirmed. Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy "is an extremely broad concept" and needs only be "reasonably calculated to lead to the discovery of admissible evidence." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (quoting *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004)). Thus, the Rule 26(b)(1) standard presents a "'relatively low threshold' for a party to show that the material sought is relevant to any claim or defense in the litigation." *Id.* (quoting *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007)).

With respect to the interpretation of insurance policies, the Second Circuit has explained that language in an insurance contract is ambiguous if it is:

> [C]apable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.

*Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012) (citation omitted); *In re Prudential Lines Inc.*, 158 F.3d

11

65, 77 (2d Cir. 1998). Contract language is unambiguous if it "provides a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Olin Corp.*, 704 F.3d at 99 (citation omitted). If "a court determines that contract language is ambiguous, it may consider 'any available extrinsic evidence to ascertain the meaning intended by the parties during the formation of the contract.'" *Hamilton Specialty Ins. Co., Inc. v. Kinsale Ins. Co.*, No. 19-cv-5548 (DLC), 2020 WL 1876358, at *4 (S.D.N.Y. Apr. 15, 2020) (quoting *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London, England*, 136 F.3d 82, 86 (2d Cir. 1998)).

With these principles in mind, the court concludes that USLI failed to carry its "heavy burden" of showing that Judge Henry issued a decision that abused her discretion or was contrary to law. *See New Falls Corporaton v. Soni*, No. 18-cv-2768 (SJF)(AKT), 2021 WL 878742, at *2 (E.D.N.Y. Mar. 8, 2021) (Federal Rule of Civil Procedure 72(a) "imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [his or her] discretion." (internal quotation marks omitted)). At this stage in the litigation, the court concludes that the terms and definitions in the Assault

12

and Battery Exclusion contained in the Policy may present a "danger of misconception" and a "reasonable basis for a difference of opinion," *Olin Corp.*, 704 F.3d at 99, such that discovery is warranted here. Given the broad scope of discovery, *see* Fed. R. Civ. P. 26(b)(1), and relevance of discovery to USLI's defense that the policy excludes the occurrence, the court cannot conclude that Judge Henry's Discovery Order was clearly erroneous or contrary to law when she directed USLI to respond to plaintiff's Document Requests Nos. 1 and 5(b), which are reasonably calculated to lead to the discovery of admissible evidence.

As noted by Judge Henry, the cases USLI cites to resist discovery are distinguishable because those courts examined circumstances where the exclusion applied to actions arising from an assault or battery. (*See* Tr. 7/14/2021 at 11:3-20); *see C&S Franklin Realty Corp. v. United States Liab. Ins. Co.*, 2020 N.Y. Misc. LEXIS 7647 (Supr. Ct. Brx. Cnty. Sept. 1, 2020) (concluding that an assault and battery exclusion precluded coverage where plaintiff's injuries were the result of a "melee"). Accordingly, the court finds that Judge Henry's Discovery Order granting in part and denying in part plaintiff's motion to compel was neither clearly erroneous nor contrary to law. Thus, USLI's objections are denied and Judge Henry's July

13

14, 2021 Discovery Order is affirmed.

## CONCLUSION

For the foregoing reasons, USLI's objections to Magistrate Judge Henry's July 14, 2021 Discovery Order are denied and the Discovery Order is affirmed.  USLI is ordered to serve responses to plaintiff's Document Requests 1 and 5(b) by October 4, 2021.  The parties shall seek the assistance of Judge Henry regarding any additional discovery requests or extensions.

SO ORDERED.

/s/
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:   September 23, 2021
         Brooklyn, New York